### EX PARTE LEWIS LITTLEFIELD.

No. 1602. Decided March 26, 1898.

**County Convict—Discharge by Reason of Sickness—Construction of Statute.**

Under provisions of article 3737, Revised Statutes, which authorizes the discharge of a county convict who, being unable to work from sickness, to satisfy the judgment by remaining in jail until the fine and costs are discharged, at the rate of one dollar per day, required that the convict must remain in jail, and that he was sick during the time in the jail. Sickness at home during the required time will not avail.

APPEAL from Gonzales County.

Appeal from a judgment remanding relator to custody rendered on a habeas corpus hearing in chambers before Hon. W. W. GLASS, County Judge.

The opinion states the case.

*Atkinson & Abernathy,* for relator.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Relator was convicted of theft under the value of $50, and his punishment assessed at ten days imprisonment in the county jail and a fine of $50. The costs amounted to $73.60; or a total of fine and costs, $123.60. The conviction occurred on the 16th of February, 1897. On the 3d of January, 1898, relator applied for and obtained a writ of habeas corpus from the county judge of Gonzales County, and on the hearing of said writ was remanded to custody. Relator avers that he is too poor to pay the fine and costs, is in bad health, and unable to work to pay the same, and that he has not been offered an opportunity by the Commissioners Court to discharge said fine and costs. The evidence adduced on the trial shows or discloses that appellant has worked in all eighteen days towards discharging the fine and costs; that he then became sick, and was permitted by the county superintendent to go home, and that he remained at home, and while at home wrote to the county judge to the effect that he was sick, and obtained his permission to remain at home until he recovered. On the 22d of November, 1897, he was arrested under a capias pro fine, placed in jail, and on the 3d of January, 1898, resorted to the writ of habeas corpus for his discharge.

Article 3737, Revised Statutes 1895, provides: "A convict, who from age, disease, or other disability, physical or mental, is unable to do manual labor, shall not be required to work, but shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged, at the rate of one dollar for each day of such confinement in jail." This is the statute under which the relator seeks his discharge. The evidence does not disclose that he was confined in jail, while sick, a sufficient length of time to discharge the fine and costs. It does show, however, sickness for a sufficient length of time, and shows conclusively that he was not in jail, but at home. Now, to be entitled to one dollar per day when sick, he must be in jail, and he must show that he was sick and in jail, in order to obtain the benefit of the provisions of the statute quoted. This he did not show, nor does the record show it. The judgment is affirmed.

*Affirmed.*