## J. W. STERMER v. THE STATE.

### No. 2787. Decided February 17, 1904.

**1.—Aggravated Assault—Mistake of Fast—Charge of Court.**

Where there was evidence that appellant's wife and her sister were sleeping in adjoining rooms, the doors of the rooms being only about two or three feet apart; that he was sleeping on the gallery in front of the rooms and undertook to go into his wife's room during the night and by mistake went into the room of his sister-in-law and entered her bed and caught hold of her gown, and upon discovering his mistake immediately left the room, the court should have charged upon the law of mistake of fact.

**2.—Same—No Violence or Injury—Charge of Court.**

The court should have instructed the jury as requested that although they might believe that the conduct of defendant towards prosecutrix to have been imprudent and indecently familiar, yet if said acts did not injure the person of said witness, producing bodily pain, constraint or sense of shame, or other disagreeable emotion of the mind at the time, to find defendant not guilty.

Appeal from the County Court of Hood. Tried below before Hon. K. H. Faul.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion sufficiently states the facts.

*Jno. J Hiner* and *W. D. Wilson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25; hence this appeal:

Appellant testified in his own behalf, and his evidence raises the question of mistake of fact. He testifies that his wife and the prosecutrix were sleeping in adjoining rooms, and the doors to said rooms were only about two or three feet apart; that he was sleeping on the gallery in front of the rooms, and undertook to go into his wife's room for the purpose of having intercourse with her. It was dark, and he mistook the door and went into the room where prosecutrix was sleeping. He merely caught hold of her nightgown in order to awaken her. As soon as she awoke he at once discovered it was not his wife, and he immediately left the room. Of course, the State's testimony does not raise the issue of mistake. On the contrary, the prosecutrix swears to circumstances strongly indicating that there was no mistake on the part of appellant in going to her room; yet it was not the province of the judge to decide that issue, but belonged to the jury. The court gave no charge on that subject, and appellant's requested charge number 1 should have been given, in order that the jury might properly determine the question of fact.

In view of the testimony, in our opinion appellant's third special requested instruction should also have been given, which was sub-

stantially, as follows: "You are further instructed that though you may believe that the conduct of defendant towards the witness Alice Porter to have been imprudent and indecently familiar, yet if said acts did not injure the person of said prosecuting witness, producing bodily pain, constraint or sense of shame or other disagreeable emotion of the mind at the time of the commission of said acts, you will find defendant not guilty." If it be conceded that the assault was committed, there was no physical violence used. The only act done by appellant testified to by prosecutrix was to slightly raise her gown, and when she awoke appellant immediately desisted. She testifies that she said nothing to defendant at the time. However, he states that he thought it was the room where his wife was sleeping (the occurrence not being at appellant's home, but at the home of his father-in-law where they were visiting), and when he went in, he went to the bed and caught hold of her gown, for the purpose, as he thought, of awakening his wife and letting her know he was there; that when he pulled her gown, prosecutrix woke up, and said, "You had better go away from here," and he then discovered it was not his wife, and that he had made a mistake, and left and went back to his own cot. From his standpoint there was no intent to inflict injury, such as constraint, sense of shame, etc.; and we believe under the facts of the case it should have been left to the jury to determine whether what he did at the time occasioned any sense of shame or other disagreeable emotions of the mind in prosecutrix, such as would be required in order to constitute the transaction an assault.

We would further observe that appellant is to be tried from his standpoint, and according to his intent, and unless he intended to injure prosecutrix; that is, to make an indecent proposal to her which would cause her some disagreeable emotion of the mind, such as shame, constraint, etc., that he would not be guilty of an assault; and we believe the court should have given appellant's special requested instruction on this subject.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*