## R. D. CLANCY v. THE STATE.

### No. 7409.   Decided February 7, 1923.

**1.—Aggravated Assault—Indecent Familiarity.**
Where the basis of the prosecution rested upon the proposition that the defendant indulged in indecent familiarity with the prosecutrix, the court should have submitted the requested charge to the jury that if they believed from the evidence that defendant's acts did not cause her any constraint or sense of shame or other disagreeable emotions of the mind to acquit the defendant. Following Cohen v. State, 50 Texas Crim. Rep., 145.

**2.—Same—Experimental Evidence—Rule Stated.**
The proposed testimony as to the experiment by the officer, if of a similar situation, was material; yet in the absence of a showing of substantial similarity the evidence of the experiment should not have been received.

**3.—Same—Argument of Counsel—Practice on Appeal.**
Where the argument of the county attorney stated that the citizenship was so outraged and believed in the guilt of the defendant that the officers had to take him away, the same was reversible error.

Appeal from the County Court of Kaufman. Tried below before the Honorable W. P. Williams.

Appeal from a conviction of aggravated assault; penalty, a fine of $250.00 and ninety days confinement in the county jail.

*Thomas R. Bond,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County
Court of Kaufman County of aggravated ássault, and his punishment
fixed at a fine of $250 and ninety days in the county jail.

Two young women in the city of Terrell, Texas, went into a picture
show in the daytime, and presently went to the man selling tickets and
told him that they had been bothered while in the theater.  About this
time appellant came out of the show and, according to the State's
theory, they identified appellant as the man who had bothered them.
The young women testified that they took their seats in the darkened
theater, and that presently a man's hand came from under a seat in
front of them and felt of the leg of the prosecutrix in the instant case.
She testified that just in front of her appellant was sitting and that
the seat to his right was vacant, and that she had her legs crossed and
extended toward the vacant seat, and that her companion, sitting on her
right, also had her legs crossed and extended toward said vacant seat.
The companion of the prosecuting witness testified for the State that
when they went into the theater building they took their seats near
the middle of the building (evidently referring to the middle of
the building viewed from its length), and that Fern Gibson, prosecut-
ing witness herein, was sitting in the seat next to the right hand aisle
and that witness took the seat next to and on the right of Miss Gibson,
facing the entrance of the building.  She said that while they were
sitting there she saw a man's hand come up from the bottom of the
vacant seat in front of witness, which hand was placed on her leg
below the knee; that she kicked the hand and tried to mash it.  That
Miss Gibson said some one had touched her on the leg.  They got up
and moved to the next seat, which placed Miss Gibson immediately
behind the vacant seat in question.  That it was the defendant who was
sitting in the seat in front of Miss Gibson and next to the vacant seat
in question.  Both young women testified that they got up and went to
the office and complained to a Mr. Garland of the fact that some one
was bothering them.  Mr. Garland, testifying for the State, said that
the young ladies came and made complaint to him, and that both of
them were laughing and smiling when they detailed to him what they
claimed had happened.  He also said that after telling him about this
they went on back into the show, and later as they came out he asked
them if anyone had bothered them again, and that they were in a good
humor and punched each other and were giggling as they replied that
no one had bothered them.  The ground of aggravation laid in the com-
plaint was that the appellant was an adult male person and the prose-
cutrix a female.

Under the facts above set forth appellant presented a special charge
which is as follows:

"You are instructed that although you may believe beyond a reason-
able doubt that defendant did make an unlawful assault upon the per-
son of Fern Gibson without her consent and against her will by plac-

ing his hand on her legs . . . and that he was an adult male and she was a female, yet if you believe from the evidence that said assault did not cause her any constraint or sense of shame or other disagreeable emotions of the mind, you will acquit the defendant."

In our opinion this special charge, or the substance thereof, should have been given to the jury. The only basic fact for the prosecution rested upon the proposition that appellant placed his hand upon the leg of the prosecuting witness. Unless this action produced in her mind some sense of shame or restraint or disagreeable emotion, there would appear to be no legal injury. Stermer v. State, 46 Texas Crim. Rep., 183; Cohen v. State, 50 Texas Crim. Rep., 145.

Complaint is made of the admission of the testimony of the sheriff as to experiments made by him with certain chairs in the theater building in question. It is made to appear as a result of such experiment the sheriff found that the hand of a person sitting in a seat, could be thrust under the seat beside him, under certain conditions, in such manner as to be able to reach and touch the leg of a person sitting to the rear. The general rule in regard to testimony of experiments is that same must be made under conditions similar or approximately similar to those which surround the original transaction, and when there is objection made, proof must appear of substantial similarity. We find nothing in the record which shows that all the seats in the theater in question were similarly constructed, and the proof as to the fact that the chairs examined by the sheriff were similar to those occupied by appellant and the young women in question, seems to fail. It was a material question as to whether a hand could be reached under the seat and placed upon the leg of the prosecuting witness between her ankle and her knee. The testimony as to the experiment, if of a similar situation, was material. In the absence of a showing of substantial similarity the evidence of the experiment should not have been received.

In the argument of the case the county attorney, closing for the State, made the following statement to the jury: "I want to tell you that when this assault was committed, the good citizenship of the town of Terrell was so outraged and believed in the guilt of the defendant that the officers had to take the defendant away from that town." It would be difficult to imagine a more prejudicial statement. The county attorney, a loved and honored officer of the law, by this statement placed before the jury the belief of the citizens of the town in which the alleged assault was committed, of the fact that appellant was guilty, and that they so strongly wished to see him punished that the officers were compelled to take him away from the town to prevent summary punishment. We do not think the oral instruction of the county judge to the jury that they should disregard such argument could remove its effect. Similar arguments have often been held reversible error.

For the errors above indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*