## HOWARD ALLMAN V. THE STATE.

No. 11081. Delivered June 24, 1927.

**1.—Possessing Intoxicating Liquor—Evidence—Hearsay Inadmissible.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, it was error to permit the sheriff to testify that the reason he went to the house where he arrested appellant, was because a policeman had told him that whiskey was being sold in the house, and that he, the policeman, had sent a negro to the house who bought liquor. This testimony was hear-

say, and very injurious to appellant on his trial, and should not have been admitted.

### 2.—Same—Argument of Counsel—Reversible Error.

Where, on a trial for possessing liquor, in his closing argument to the jury the state's counsel said: "That the neighbors around Mrs. Sutton's were complaining of the place to the sheriff, and that he (the attorney) was trying to help these people." These unwarranted remarks constituted a reversible error. Following Wooly v. State, 247 S. W. 865, and Clancy v. State, 247 S. W. 865.

### 3.—Same—Unlawful Search—Not Available to Accused.

Appellant complains that the search warrant under which the premises were searched was invalid. In view of the fact that the premises were not his own, and he could not avail himself of an unlawful search of the premises of another, the validity of the search warrant is not material. See Craft v. State, No. 9858, not yet reported.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Storey, Leake & Storey* of Vernon, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The home of Mrs. Sutton was searched by officers possessed of a search warrant. Besides Mrs. Sutton, there were in the house the appellant and his wife and a man by the name of Stephens. Four half-gallon jars containing whiskey were discovered on the premises. If we comprehend the testimony, it is to the effect that in the closet near the flue a hole had been cut in the floor and the whiskey was found underneath the floor. A witness named Fowler testified that upon one occasion he was present when a negro, by purchase, obtained a bottle of whiskey from the premises. Besides the witness, the other persons mentioned above were present. Appellant's wife was a sister of the witness. The witness gave no details as to who delivered the whiskey or from whence it came. He said he did not know.

Appellant testified that at the time of the alleged sale of whiskey, he was in another state; that at the time of the raid he

and his wife were occupying a room in the house, which they rented from Mrs. Sutton; that he had no knowledge that there was whiskey upon the premises. He said:

"I was in the house as a guest when the officers arrested me. I had no connection with the liquor."

Mrs. Sutton, in her testimony, claimed that her husband was addicted to the use of whiskey; that he had been indicted for selling whiskey and had been gone about eight months; that before his indictment and departure she objected to his having whiskey at his home and in consequence of that attitude, when he had whiskey there he always hid it. She said she had no knowledge that there was whiskey upon the premises and knew nothing about a sale of whiskey to a negro.

Appellant's wife testified that she had no knowledge of the whiskey; that they were occupying the room and were asleep at the time the raid was made. The testimony is to the effect that the appellant and his wife had been married only a short time and had been on the Sutton premises but a few days when the raid was made.

Edmondson, the sheriff, testified in behalf of the state and said he was caused to go to the Sutton premises by the fact that a city policeman came and told him that whiskey was being sold at the Sutton premises; that the policeman had taken a negro there to buy some liquor; that the policeman remained outside of the house, obscured by darkness, while the negro went in and got the whiskey. It was shown by the bill of exceptions that none of the parties were present at the time of the conversation between the sheriff and the policeman; that at the time of the trial the policeman had been dead for some three months. We have perceived nothing that exempts this testimony from the operation of the rule which excludes hearsay testimony. The receipt of the testimony cannot be regarded as other than prejudicial to the appellant for the reason that the only direct testimony which brings home to the appellant knowledge that there was whiskey upon the premises is the testimony of the witness Fowler that the appellant was present at the time when the negro purchased a bottle of whiskey on the premises. This was denied by the appellant, and the hearsay testimony mentioned was capable of appropriation by the jury and was doubtless intended by the state to corroborate its theory that appellant was present when whiskey had been sold upon the premises. The testimony was also in conflict with the appellant's theory that he was without knowledge that there was whiskey upon the premises or that any sale thereof had been made.

In his closing argument, state's counsel made the following remarks to the jury:

"That the neighbors around Mrs. Sutton's were complaining of the place to the sheriff's office and that he (the attorney) was trying to help those people."

Objection was addressed to the remarks and the court was requested in writing to instruct the jury to disregard them and refused. The remarks were similar to those held improper in the cases of Wooly v. State, 247 S. W. 865, and Clancy v. State, 247 S. W. 865. In both of these cases the argument was made the basis for the reversal of the judgment.

There are several bills of exceptions complaining of the refusal of the court to exclude the testimony of officers revealing the result of the search of the premises. These objections are based upon the ground that the search warrant was not supported by affidavit showing "probable cause" in compliance with the law. A discussion of the bills is not deemed necessary for the reason that the appellant's connection with the house was not shown to be such as to enable him to complain of the search. Apparently, his relation to the premises was not dissimilar to that of the appellant in the Craft case (No. 9858, not yet reported) in which, upon reason and authority there set forth, it was held that the right to demand the exclusion of evidence learned through a search made under an irregular or insufficient warrant is confined to the person whose rights were invaded and were not available to another. On the present facts, the search was made in the home of Mrs. Sutton. The appellant and his wife were in a room in which, according to the appellant, they were either guests or tenants. The evidence of which complaint is made was not obtained through a search of the room which they occupied.

For the reasons stated above, namely, the receipt of the hearsay testimony and the improper argument, the judgment is reversed and the cause remanded.

*Reversed and remanded.*