ROBERT JONES v. STATE

No. 26,882.  March 17, 1954
State's Motion for Rehearing Granted May 5, 1954
Appellant's Motion for Rehearing Denied June 23, 1954

*Saunders and Thurmond,* Tyler, by *J. Bryon Saunders* (Of Counsel) Austin, for appellant.

*Harry Loftis,* Criminal District Attorney, Tyler, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, twelve months in jail and a fine of $250.00. The grounds of aggravation alleged were that the accused was an adult male and the injured party a female.

The prosecuting witness testified that the appellant, whom she had known for many years, came to her home one afternoon in the absence of her husband and, during the course of his visit, made an improper proposal in that he offered her $5.00 for her sexual favors and took hold of her left hand. She stated that she refused such offer, withdrew her hand, and that the appellant left stating that he would come back the next week and bring her a dress and a pair of shoes. This incident was

alleged to have occurred on June 4, which was Thursday. Prosecutrix did not report it to her husband or to anyone else until Sunday after she had visited in the home of her parents, who had had some financial misunderstandings with the appellant.

According to the prosecutrix, the most the appellant did, outside of the indecent proposal, was to take hold of her hand, which she immediately extricated.

Appellant's plea was that of alibi, and in this he was in some measure supported by his witnesses.

The appellant objected to the court's charge, among other things, "because same fails to charge and instruct the Jury that even though the Defendant did place his hand on Prosecutrix' arm, as testified to by her, that unless same caused her a sense of shame, constraint, or other disagreeable emotion of the mind, or they have a reasonable doubt thereof, that the Defendant should be acquitted."

It will be noted that the instant trial occurred on July 31, 1953. Article 658, V.A.C.C.P., as amended by the 53rd Legislature, went into effect on May 19, 1953. Since its amendment an objection to a charge in a misdemeanor case is sufficient to preserve the error, and no specially requested charge is necessary.

In Shields v. State, 39 Texas Cr. Rep. 13, 44 S.W. 844, in discussing a requested instruction similar to the objection before us in this case, we said:

"In order to constitute an assault and battery, there must be an intent to injure by the means used. Now, in this case there was no physical injury complained if, the gravamen of the assault being that the feelings of the prosecutrix were hurt by the indecent proposal, in connection with a demonstration of appellant, which caused her a sense of shame."

The Shields case was reversed because of the failure of the court to give a requested charge.

In Koen v. State, 50 Texas Cr. Rep. 145, 95 S.W. 114, the facts reveal that the appellant and the prosecutrix rode into the city of Hamilton in a wagon. During the course of the journey, they kissed, and he put his arm around her and fondled her bosom, and when she objected he desisted. He then offered her various sums of money for her sexual favors, which she also

declined. Upon their arrival in Hamilton appellant bought prosecutrix a dress, and she did not report the incident to her husband until three days later.

In discussing objections to the charge, we said that the same should have included therein as an element of the offense a finding that the acts and conduct of the appellant created in the mind of the prosecutrix a sense of shame or other disagreeable emotion of the mind. We reversed the conviction, holding the charge defective in that respect.

For the error in the charge before us, the judgment is reversed and the cause remanded.

ON MOTION FOR REHEARING

GRAVES, Presiding Judge.

The Criminal District Attorney of Smith County has filed a motion for rehearing in this case and calls our special attention to the statute relative to an assault. Article 1138, P.C., denounces as an assault and battery "the use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used." The statute also declares that "any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault."

Article 1139, P.C., goes further and says:

"When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint, a sense of shame or other disagreeable emotion of the mind."

Under Article 1147, P.C., an assault or battery becomes aggravated when committed under any of the following circumstances:

"Sec. 5. When committed by an adult male upon the person of a female or child, or by an adult female upon the person of a child."

In the present instance, we have the following facts shown in the record by the testimony of the complaining female:

"Q. Now, Mr. Jones, according to your testimony, didn't hurt you in any way, did he? A. He grabbed me by the hand.

"Q. Did he twist your arm? A. He grabed me. I was at one end of the table and he was at the other, and he grabbed me and pulled me across the table, trying to pull me across the table.

"Q. And you say you jerked loose and ran? A. Yes, sir, I jerked loose and ran."

It is further shown that the prosecutrix ran out in the back yard and stayed there as long as the appellant was in her home. She testified further:

"He didn't come, but he told me he would come back the next week, and bring me a dress and a pair of shoes. *** No, he didn't come back, because I turned him in."

This cause was reversed in our original opinion because of the fact that the court failed to respond to an objection to Paragraph 3 of the charge as follows:

"Because the Court failed to charge and instruct the Jury that even though the Defendant placed his hand on the prosecutrix' arm or hand as testified to by her, that unless same caused her a sense of shame, constraint, or other disagreeable emotion of the mind, that the Defendant should be acquitted, which failure to so charge was material error, and was calculated to injure the rights of the Defendant."

In other words, a reversal was had herein because the court failed to instruct the jury that even though the defendant did place his hand on the prosecutrix' arm or hand, as testified to by her, that unless the same caused her a sense of shame, constraint or other disagreeable emotion of the mind, then the defendant should be acquitted.

It is the state's contention that the "disagreeable emotion of the mind" does not appear in this case, nor does it have any bearing thereon in the presence of the actual assault upon the person of the complaining witness. It is not necessary in order to show any injury that such emotion accompany the act of the appellant. Article 1139, P.C., presumes an injury if actual violence took place or any threatening gesture showing an immediate intention coupled with an ability to commit a battery. In this instance, the state contends, and we think correctly so, that

any unlawful violence upon the part of the appellant herein, he being an adult male and the complaining witness being a female, that the intent to injure is presumed by virtue of this statute.

The case of Shields v. State, 39 Texas Cr. R. 13, 44 S.W. 844, cited in our original opinion, does not seem to be in point in this matter. In that case, the accused denied having touched the prosecutrix, but admitted that he proposed an act of carnal intercourse with her and that she became indignant. He also offered to prove that she was an unchaste woman and that he had reason to believe that she would permit him to copulate with her. The court was asked to give the following charge:

"If the defendant took hold of the arm of the said Tex Lynn, but did so with no intent to injure her or her feeling, and had probable ground to believe, and did believe, that such taking hold of her arm would not be objected to by her, the said Tex Lynn, or would not be offensive to her or her feelings, then he would not be guilty of any offense, and you will acquit the defendant."

This charge was refused by the court, and under the circumstances of that case, we think it should have been given, the contention being that the act of the accused caused no injury and none was intended if not a sense of shame or other disagreeable emotion of the mind, thus falling within the category of an aggravated assault.

We also cited the case of Koen v. State, 50 Texas Cr. R. 145, 95 S.W. 114, in which it appears that the accused kissed the prosecutrix with her consent; she being a relative of his, she thought nothing of it; that subsequently he put his arm around her and began to fondle her dress to which she objected and told him to quit and he desisted. He afterwards put his hand on her legs and she made him quit; that he "offered her $10 if she would be good to him" which she declined. She admitted that she went on to town with him, ate dinner with him, and he bought her a dress which she carried home with her. She made no statement to her husband about this matter until some two or three days thereafter. It was held in that case that under the peculiar circumstances thereof and the continued association of the complaining witness with the accused, the court should have embraced in his charge the proposition that if the accused used violence to the person of the prosecutrix with the intent to injure her and fondle her person against her will and consent, and that such acts or conduct on the part of the ac-

cused created in the mind of the prosecutrix a sense of shame or other disagreeable emotion of the mind, that the same would constitute an aggravated assault, and they should so find. It seems that there was some question as to whether or not this was an assault upon this person and whether or not these advances created in her mind a sense of shame. We do not think that either one of these cases is in point herein.

We think that under the facts of the present case the appellant committed an assault, that is, unlawful violence to this prosecutrix by the use of his hand in pulling her over and against the table.

It is worthy of note that appellant denied even his presence at the home of the prosecutrix and said that he was not there at the time, and that therefore he could not have committed any violence upon her person. Under the circumstances of this case, we think that the appellant committed an assault upon the person of the prosecutrix, he being an adult male and she being a female; that any assault thus committed by him reaches the dignity of an aggravated assault. Under the facts here present, we do not think a sense of shame enters into the disposition of this case.

Thus believing, the state's motion for rehearing is granted, the order of reversal is set aside, and the cause is now affirmed.

MORRISON, Judge (dissenting).

In order to accept prosecutrix' testimony completely and reject without consideration the testimony of appellant and his witnesses, one must ignore what to me is a compelling circumstance.

Prosecutrix' father was a tenant farmer working on the halves for the appellant. A short while before the alleged assault appellant and prosecutrix' mother had had a misunderstanding over financial matters. Prosecutrix claims the indecent proposal was made on Thursday afternoon. And yet she made no report of it until Sunday. There was a telephone next door; she did not use it. Her husband came home Thursday night. She did not tell him. On Friday and Saturday she remained silent. Not until after she visited with her mother and then returned to her home in Tyler on Sunday afternoon did she tell her husband. She does not say she told her mother. To me this does not

comport with human reason, and in view of appellant's alibi witnesses I find it difficult to accept.

Forgetting this, I now examine her account of what transpired. She said he took hold of her hand and offered her $5.00 for her sexual favors. My brethren say this constitutes an assault. They overlooked the fact that it has long been the holding of this court that there must be an intent to injure by the means used. There was clearly no intent to inflict physical injury. Such would have been inconsistent with the alleged purpose of his visit. No physical injury is claimed to have been sustained. Then she was not injured unless the incident caused her a sense of shame or some disagreeable emotion of the mind, and the jury should have ben so told. Such has been the consistent holding of this court through the years and should not be departed from because it is a sound rule. Attention is here directed to the holdings of this court in Floyd v. State, 29 Texas App. 341, 15 S.W. 819 Hawes v. State, 44 S.W. 1094; Pittcock v. State, 73 Texas Cr. Rep 1, 163 S.W. 971; Clancy v. State, 93 Texas Cr. Rep. 117, 29 S.W. 2d 394. It is obvious from reading the record in this case that the prosecutor and the trial judge had not read the opinions of this court. This they should have done before the case was called.

The appellant was a married man with a large family and had never before been arrested. The appellant put his reputation in issue, and the state could not attack it. I cannot bring myself to agree that he should spend a year in jail until a jury under appropriate instructions finds that someone had been injured.

Remaining convinced that this cause was properly disposed of originally, I enter my dissent.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Under a charge defining an assault as the use of any unlawful violence upon the person of another, whatever be the means or the degree of violence used, and informing the jury that an assault becomes aggravated when committed by an adult male upon the person of a female, the jury found appellant guilty. They thereby rejected his defense of alibi, and accepted the testimony of the prosecutrix as true.

We are asked to reverse the conviction because the court in his charge did not submit to the jury two instructions, both predicated upon a finding that appellant placed his hands on the prosecutrix' arm. The first was to the effect that if appellant had reasonable ground to believe and did believe that such act would not be objectionable, he should be acquitted. The other would have advised the jury that unless such act caused her a sense of shame, constraint or other disagreeable emotion of mind appellant should be acquitted.

On rehearing it was pointed out that the evidence did not show a mere touching of the arm of the prosecutrix, but showed the use of violence.

Unless the infliction of injury by such assault was controverted, we would not be justified in reversing the conviction because the later charge was not submitted.

The majority remain convinced that in the case before us, if the testimony of the prosecutrix is true, the violence used by appellant upon her resulted in injury to her person and feelings.

Nor do we find that the evidence raised the issue that appellant had reason to believe and did believe that his actions would not be objectionable to the prosecutrix.

Appellant points to his testimony to the effect that he had known and been around the prosecutrix most of her life; that she had married the second time before she was seventeen years old; that between her marriages he had seen her in the field with a man and fellow worker and they were hugging and kissing. It is further suggested that this man was living in the home of the prosecutrix and her parents at the time.

Other pertinent facts are that appellant, a forty-seven year old married man, did not testify or claim that he thought that his advances would be acceptable to the prosecutrix, but denied his very presence on the occasion in question. Also he knew the prosecutrix was seventeen years of age, that she was married and was pregnant, and though he had been around her since her early youth, had been her employer and on occasion had been in her presence when they were alone, there is not the slightest suggestion that she at any time so conducted herself toward appellant as to invite his advances or suggest that such would be welcomed or countenanced.

324

Under the facts here, we remain convinced that the appellant's sole defense was that of alibi. This was properly submitted to the jury and resolved against him. His theory was that he made no advances and no assault, not that he believed that his advances would be acceptable or that the assault upon her did not result in injury.

Another claim of error is that the court refused to strike the testimony of Mrs. Ruby Rushing.

Mrs. Rushing occupied an apartment adjoining that of the prosecutrix. She testified that she saw appellant around 3 P.M. one afternoon as he was coming from the apartment occupied by the prosecutrix. She was unable to fix the date.

It is appellant's contention that because Mrs. Rushing was unable to identify the date, time and place of the alleged offense, her testimony should have been striken.

According to Mrs. Rushing, appellant was alone when she saw him leaving the apartment; that if he had a truck and someone was in it she was not aware of that fact. She fixed the time of seeing him at 3 P.M. or shortly thereafter.

According to appellant's testimony he was at the apartment only once and that was the previous Monday when a brother of the prosecutrix was with him. He testified "We come out the door together" and "about that time this lady come up and I talked to her."

We are unable to agree that the trial court abused his discretion in not striking the testimony. Its weight was for the jury.

Appellant's motion for rehearing is overruled.