JUAN TAMAYA v. THE STATE.

No. 6219.    Decided April 20, 1921.

Assault to Murder—Aggravated Assault—Suspended Sentence—Argument of Counsel.

Where, upon trial of assault to murder, the district attorney dismissed that offense and asked a conviction for aggravated assault, upon which the case was submitted, and during the closing argument of the district attorney he stated that if the defendant had not been guilty, his attorney would not have filed an application for a suspended sentence, etc., the same was reversible error; besides, the record showed that no such plea was filed, and that the statement of the district attorney was wholly outside of the record.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of aggravated assault; penalty, one year imprisonment in the County jail.

The opinion states the case.

No brief on file for appellant.

C. M. Cureton, Attorney General, and C. L. Stone, Assistant Attorney General, for the State.—Cited Mooney v. State, 176 S. W. Rep., 52; Himmelfarb v. State, 174 id., 589; Davis v. State, 154 id., 550; Little v. State, 178 id., 326.

LATTIMORE, JUDGE.—Appellant was placed upon trial in the 37th District Court of Bexar County upon an indictment charging him with assault to murder, but, after the evidence was introduced the question of assault to murder appears to have been eliminated either at the request of the district attorney, or upon his own motion by the trial court, and the case was submitted to the jury solely upon the question of an aggravated assault.

No exceptions were taken to the charge of the court below, nor does there appear any bills of exception to the introduction of any evidence, and, therefore, the court cannot consider the questions raised in the motion for new trial presenting errors either in the charge or the reception of evidence.

There is but one bill of exceptions in the record. It appears therefrom that during the trial and in his closing argument the district attorney made the following statement to the jury: "Gentlemen of the Jury, if this defendant had not been guilty his attorney would not have filed an application for a suspended sentence; before the trial he filed an application for suspended sentence, which shows that he is guilty and that is the way they all do." To this remark appellant excepted and requested the court to instruct the jury not to consider same. There appears no written instruction on behalf of the appellant telling the jury that they should not consider such statement. In the opinion of this court said statement was so entirely unsupported by this record and of such an injurious character to the accused as to justify the reversal of this case because of same. This court has held that when the case on trial is a felony and an application has been duly filed for a suspended sentence, remarks such as are here complained of are improper, inasmuch as the law authorizes the making of an application for suspended sentence, and said fact is not to be taken or argued by the State, as a guilty circumstance. In the instant case the record discloses nowhere any application for a suspended sentence, and as far as we are informed by said record the statement of the district attorney was wholly without foundation, and was a statement of a substantive and very injurious fact to the jury, which was outside the record. If there had been filed an application for a suspended sentence, when the question of felony passed out by eliminating assault to murder, the question of suspended sentence also passed out and was no longer an issue to be argued before the jury. Appellant was not then entitled to any benefit thereof, nor was it a proper matter for the State to discuss.

For the error mentioned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*