## Clayton Kemp v. The State.

No. 7577.    Decided October 17, 1923.

Rehearing denied December 12, 1923.

**1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction there is no reversible error.

**2.—Same—Argument of Counsel—Suspension of Sentence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the county attorney, during the argument for the State, said, "When a man comes to the courthouse and makes application for suspended sentence, the jury can read between the lines (and does do it) he says that he is guilty," while improper is not reversible error under the facts of the instant case, the argument not being such as not to be counteracted by instruction of the court not to consider the same. Following Smith v. State, 55 Texas Crim. Rep., 563, and other cases.

3.—Same—Argument of Counsel—Practice on Appeal.

Where the conclusion drawn by the District Attorney with reference to the defendant having a pistol was not so far fetched as to be entirely unauthorized by the evidence, and the court orally instructing the jury not to regard the statement, the same does not constitute reversible error.

4.—Same—Argument of Counsel—Bill of Exceptions.

Where the bill of exceptions, presenting the matter of objectionable argument of the State's attorney, gave no information as to the connection in which the statement complained of was made the same was not reversible error.

5.—Same—Rehearing—Principals.

Whether the appellant was actually taking part in the manufacture of whisky or was by his words or acts engaged in encouraging those who, within his knowledge, were engaged in the unlawful act, he was a principal offender and equally culpable and could be charged directly with the act. Following Dodd, 83 Texas Crim. Rep., 165, and other cases.

6.—Same—Principals—Charge of Court.

The evidence being sufficient to show that the appellant was directly connected with the unlawful act the failure to charge on principals, even if such a charge had been appropriate, would not be reversible error in the absence of a requested charge or exceptions to the main charge.

7.—Same—Requested Charge—Theory of Defense.

Where the theory of the defense, to-wit, that he had no connection with the still or manufacture of whisky, was embraced in a requested charge, the same was sufficient, and there was no error.

Appeal from the District Court of Hopkins. Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Dial, Melson, Davidson & Brim,* and *L. W. Davidson.* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, J<small>UDGE</small>.—Conviction is for manufacturing intoxicating liquor, punishment, one year in the penitentiary.

Appellant was arrested while fleeing from a still found in operation by officers. Ten barrels of mash and a quantity of whisky were found. It is not necessary to describe in detail the equipment. A wood fire was under the boiler and whisky was in actual process of manufacture. Deputy sheriff Ragland made two trips to the still. The first time he was alone. He approached to within thirty yards of it and saw a man whom he recognized afterwards as Frank Sargent pouring mash from one barrel into another. Sargent was talking to some one whom Ragland did not see. Ragland then went

about a mile and returned with a number of men who surrounded the place. Upon approaching this time appellant was seen near the still cutting or breaking wood. Witnesses with the posse heard the sound of wood cutting as they were advancing which, from the sound, they located at or in the immediate vicinity of the still. When the officers called upon the men to surrender Sargent and appellant both ran, and were shot and wounded by some of the arresting party. Appellant asserted an innocent purpose in his presence at the still. He claimed to be sick, and staying in the neighborhood hoping to regain his health; that never having seen a still in operation and hearing of this one being near by he had gone there through curiosity to see it. He denied any connection with or interest in the making of the whisky; specifically denied keeping up the fire under the still, or cutting or breaking wood to be used for that purpose. This defensive issue was presented to the jury, and determined for the state.

Appellant had filed application for suspended sentence. During the argument of the county attorney he said, "When a man comes in the courthouse and makes application for suspended sentence a jury can read between the lines—and does do it—he says that he is guilty." The learned trial judge instructed the jury not to consider such statement of the prosecuting officer, and told them pointedly in the charge that an application for suspended sentence was not an admission of guilt. The argument has been held erroneous in a number of cases. See Tamaya v. State, 89 Texas Crim. Rep., 190, 230 S. W. Rep., 146; Parker v. State, 89 Texas Crim. Rep., 555, 232 S. W. Rep., 497. Why prosecuting officers will continue to make this kind of a statement in the face of the statute, (Article 865b, C. C. P.) and the repeated holdings of this court we do not quite understand. Zeal for the interest of the state is commendable but should not lead to unauthorized statements obnoxious to fairness. Recognizing that in argument attorneys for both the state and accused are permitted wide latitude this court has been loath to hold improper argument reversible error where the court promptly corrected it unless new and injurious facts were thereby injected, or unless the argument was so obviously harmful that in our judgment its effect could not be counteracted by instructions from the court. Such is the effect of the opinion in Smith v. State, 55 Texas Crim. Rep., 563, 117 S. W. Rep., 966, cited by appellant. See also Todd v. State, 93 Texas Crim. Rep., 553, 248 S. W. Rep., 695; Woolly v. State, 93 Texas Crim. Rep., 384, 247 S. W. Rep., 865; Clancy v. State, 93 Texas Crim. Rep., 380, 247 S. W. Rep., 865. So far as we have been able to ascertain no case has been reversed by this court on account of such argument as here complained of unless the court refused an instruction to disregard it. The statement complained of injected no new facts in the record. That accused had filed application for suspended

sentence was of course already known to the jury. The attorney's statement was his opinion as to the effect thereof, and the jury were promptly told by the court that he had drawn an incorrect conclusion. Under the facts of this case we believe we would be unauthorized to reverse the judgment in view of the court's action.

When Sargent and appellant were called upon to surrender they both ran away from the still and either fell or ran into the creek. Appellant was shot and claimed this was what caused him to fall in the creek. They were found in appellant's pocket thirty-two cartridges for an automatic gun or pistol. During the argument the district attorney told the jury that "the defendant jumped in the creek to throw the pistol in the creek." This argument was excepted to as having no support in the evidence. Upon request the court instructed the jury orally at the time not to consider this argument but declined to give a written instruction to the same effect, and explained his refusal to do so by the statement that the district attorney said at the time the argument was objected to that he was drawing a conclusion from the evidence; that the court declined to give the written instruction believing he had been in error in giving the oral instruction theretofore. The learned trial judge may be right in his statement that he was in error in having instructed the jury in the first instance orally not to consider the argument. While there is no evidence in the record that appellant was armed with a pistol at the time further than that the cartridges were found in his pocket, yet the conclusion drawn by the district attorney does not seem to be so "far fetched" as to be entirely unauthorized; but the court having orally instructed the jury not to regard the statement we do not think the matter of sufficient consequence to warrant a reversal because of the failure to give the written instruction to the same effect.

Complaint is also made that the district attorney in his closing argument said, "that the defense is a frame-up between defendant and Frank Sargent." Appellant asked the court to instruct the jury not to consider this argument as it was not supported by the evidence. The learned trial judge declined to give the charge stating as his reason therefor that the statement made by the district attorney was a matter of argument and that the attorney stated at the time it was only his conclusion from all the evidence introduced. The bill presenting this matter gives us no information as to the connection in which the statement complained of was made; nothing preceding or following it is given, but the complaint is made at the bare statement quoted. Even if an unauthorized deduction we can not regard the argument as so obviously harmful as calling for a reversal.

An affirmances of the judgment is ordered.

*Affirmed.*

ON REHEARING.

December 12, 1923.

MORROW, Presiding Judge.—According to the State's testimony, a still was found in operation with fire under it and whisky running out of it. Ten barrels of mash were at hand. The appellant was engaged in cutting wood about eight steps from the still, which had been in operation for some time; and about two gallons of whisky had been made. The officer, after locating the still, went away and returned with others in his company to make the arrest. When the appellant and his companions were made aware of the presence of the officer and his posse, they fled. From these facts it is manifest that the still was in operation with the knowledge of the appellant. He was present and was cutting wood which might be used in the fire necessary to boil the liquid. This was a circumstance from which his participation in the enterprise might be inferred. His flight also implied guilty knowledge. Whether the appellant was actually taking part in the manufacture of the whisky or was by his words or acts engaged in encouraging those who, within his knowledge, were engaged in the unlawful act, he was a principal offender. Principal offenders are equally culpable and may be charged directly with the act. Branch's Ann. Tex., P. C., Sec. 676; also Cruit v. State, 41 Texas Crim. Rep., 476; Dodd v. State, 83 Texas Crim. Rep., 165.

The evidence being sufficient to show that the appellant was directly connected with the unlawful act, the failure to charge on principals, . . . even if such a charge had been appropriate, would not be reviewable in the absence of a request for a special charge or an exception to the main charge.

The defense of the appellant, developed from his evidence, was embraced in the charge given at the request of the appellant, namely, that if he went to the still for the purpose of observing its operation and had no interest in it and did not engage in the manufacture of whisky, or if upon that subject a reasonable doubt was entertained, an acquittal should result.

The motion is overruled.

*Overruled.*