EDDIE CLIFTON v. THE STATE.

No. 13854. Delivered January 14, 1931.
Reported in 34 S. W. (2d) 889.

The opinion states the case.

*Carl Miller* of Royse City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; penalty, confinement in the penitentiary for one year.

A recital of the evidence in detail is deemed unnecessary. The confession of the appellant is sufficiently corroborated, and shows the possession of several quarts of whisky for the purpose of sale. From the evidence it appears that the appellant was a negro under the age of twenty-five years. By proper plea he sought the benefit of the law permitting a suspension of his sentence, and the jury was instructed upon that issue. It further appears that the State's attorney, in his closing argument, said:

"Gentlemen, the defendant's application for a suspended sentence is an admission of his guilt."

Objection was immediately interposed and the court sustained the objection, but refused the appellant's verbal request to instruct the jury to disregard the argument. The valuable right of having the jury determine whether the sentence shall be suspended is a part of the statutory law of the state, and together with the procedure, is set forth in Arts. 776 to 781, inclusive, C. C. P., 1925. The

statute requires that such issue shall be submitted to the jury in a written plea. The Legislature has declared that where the accused is without counsel, the judge presiding shall inform him of his right and appoint counsel to prepare the plea. That such plea, when presented, is not an admission of guilt and is not to be so treated seems obvious from the face of the statute itself. Counsel for the State, however, have from time to time in their argument told the jury that the plea of suspended sentence was an admission of guilt, and this court has in every instance in which the matter has been properly presented made the emphatic declaration that such statement was not a proper argument and was obnoxious to fairness in the trial; and on several occasions when the court failed to instruct the jury to disregard the remarks, this court has been constrained to order a reversal of the judgment of conviction. Among the precedents upon the subject are Parker v. State, 89 Tex. Cr. R. 555; Kemp v. State, 256 S. W. 264; Tamaya v. State, 230 S. W. 146, 89 Tex. Cr. R. 190, and the recent case of Gomez v. State, 34 S. W. (2d) 607.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*