## A. D. OTTS v. THE STATE.

No. 19672.  Delivered May 4, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Floyd Jones,* of Breckenridge, and *Thomas Binkley,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of one head of cattle; the punishment, confinement in the State Penitentiary for a term of two years.

The testimony adduced by the State, briefly stated, shows that on the morning of May 12, 1937, around 10 A. M., S. P. Robertson found a hide of a Hereford calf or yearling under the approach of a bridge across Hubbard Creek. He and one Thurman Robertson examined the hide and discovered that it bore the brand "F-Y" on the left shoulder; they recognized this as the brand of Alfred Donnell. On the morning of the same day about 3 or 4 A. M., the appellant, accompanied by another person, drove up to the home of Joe Ellis in a pickup car and offered to sell him some beef. Ellis purchased one hind quarter from him and stored it at the Breckenridge Ice Plant. About 11 A. M. on said day, appellant and his brother stored another hind quarter at McElroy's Ice Plant. The sheriff, in his investigation of the matter, discovered that at certain places the hide had large chunks of meat on the skin, indicating that it was skinned either hurriedly or by a person inexperienced in slaughtering cattle. He compared the hide with the two hind quarters of beef stored in the icehouses and found that the chunks of meat on the hide fitted into places where the meat had been cut out of the hind quarters.

Appellant did not testify but offered witnesses who testified that on the night of May 12, a stranger in a pickup car came to the house of J. T. Singleton, a resident of Throckmorton County, and offered fresh beef for sale. That R. E. Singleton and O. T. Miller each bought part of a fore quarter from this stranger. Appellant, who was present, told the man that he did not wish to buy any meat but thought he knew where he could get rid of some of it for him. That the two, appellant and the stranger, got into his car and left.

The substance of appellant's contention seems to be that this stranger with whom he left Singleton's residence, or some other unknown person or persons, might have committed the offense.

It will be noted that the case rests entirely upon circumstantial evidence and the court so instructed the jury.

Appellant, in due time, objected to the court's charge on the law of principals. His objection is that the evidence did not call for such an instruction inasmuch as it was not shown that he was present when the animal was killed or that he aided by

acts or encouraged by words or gestures those actually engaged in the commission of the unlawful act, so as to constitute him a principal. We are unable to agree with him in his contention. Appellant's connection with the offense was shown by circumstances which if found to be true by the jury would constitute him a principal. He sold one hind quarter of beef to Ellis and he and his brother a short time later stored another. This meat was identified as coming from the animal alleged to have been stolen from Donnell. Hence, it was shown that appellant was in possession of recently stolen property without any explanation thereof consistent with his innocence.

The unexplained possession of recently stolen property is always a circumstance from which an inference of guilt arises. Hence, the charge on principals was justified under the facts of the case.

In the case of Harper v. State, 95 S. W. 125, this Court said: "It is not necessary, in order to make a party a principal, that there be direct and positive evidence of the presence of the party and his participancy in the original taking. If the circumstances exclude every reasonable hypothesis except guilt, this is sufficient."

Therefore if the jury, from all the circumstances, concluded that appellant was a principal under the law as given them in the charge by the court, their finding will not be disturbed by this Court unless the circumstances proved are insufficient to meet the requirements of the law. It is our opinion that the facts in this case are sufficient to justify the appellant's conviction.

Appellant objected to the court's charge because the court did not instruct the jury with reference to his defensive theory. A careful inspection of the record fails to disclose any other defensive theory than that a stranger was offering meat for sale about the time of the commission of the alleged offense and that he might have been guilty of the crime. This issue was submitted to the jury.

Other matters complained of by appellant have been considered by us and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in his motion on account of the fact that the court charged on the law of principals in the commission of an offense, and contends that there was no testimony upon which such charge could be based.

Appellant's guilt was based upon the proposition of his possession of recently stolen property, and a charge on circumstantial evidence establishing his guilt, mainly of course on such possession. That he and his brother stored two quarters of a beef that the jury decided was a portion of the stolen animal, was proven. From the possession of such recently stolen beef the jury had a right to presume that he, appellant, either alone, or acting with another, had stolen and butchered this animal. "The jury may infer the stealing of the whole from the possession of a part." Branch's P. C., p. 1332, and cases there cited. We think the charge on principals was proper.

The motion for rehearing will be overruled.