JAMES TENNER V. THE STATE.

No. 21283.   Delivered November 27, 1940.

The opinion states the case.

*E. H. Lasseter,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of driving an automobile upon a public highway while intoxicated, and was sentenced to serve two years in the penitentiary.

There is practically but one question presented to this court, and that is concerned with the overruling of the motion for a new trial, the grounds upon which such motion is predicated being newly discovered evidence.

It is shown by the facts that appellant, in company with some other negroes, was driving a Model T Ford at a high rate of speed, and in a dangerous manner, inside the city of Henderson. Mr. Lewis, a State's witness, testified, in part, as follows: "On or about that date I saw this defendant on Whipperwill Lane twice, both times he was driving an automobile. I saw him come up the street driving a car at an excessive speed, and driving what I would call all over the street, not any certain place in it. They went past my house a block and stayed up there approximately five minutes and blew the horn and raced the motor, then turned around and came back about as fast as the old car would run. There were children up and down the street, it being Sunday." This car continued on its drive until same run into a ditch and threw the negroes out on a country road soon after it left the town of Henderson.

Appellant himself testified that he had been drinking, and other witnesses testified that appellant was intoxicated. Appellant did not hire an attorney, and introduced no testimony upon the trial save his own.

Upon the motion for a new trial he offered the testimony of one Jessie Jordan, who testified that he, Jordan, was the driver of the car and not appellant. It was also shown that this witness was under subpoena and present at the time of the trial, and talked with appellant at such time.

Daniel Brown, a negro, testified that he saw the car when it was wrecked, and that he saw appellant and did not think he was drunk at the time of the wreck. He saw him and talked to him.

Appellant was indicted by the grand jury on May 10, 1940; he gave bond and remained at large until his case was called for trial on May 20, 1940. His claim was that he relied on the white man, Mr. Hallback, for whom he was working, to obtain counsel for him and look after his witnesses in this trial, and therefore paid no further attention to the trial until same was called for trial.

None of his testimony could have been called newly discovered. He knew of course that the man Jordan was present in the car when it was wrecked, and he also knew that Jordan was not only present at the trial but he talked to him. He also knew that Brown was present at the scene of the wreck, and that he there talked to him. He was not unfamiliar with court trials, it being shown that appellant had been charged and tried in this same trial court in 1937 in three cases involving theft.

This proffered proof is lacking in the necessary and constituent elements of newly discovered evidence. Mr. Branch in his Penal Code, p. 124, Sec. 192, says: "To warrant a new trial on the ground that new testimony has been discovered since the trial it is incumbent on defendant to satisfy the court that the new testimony has come to his knowledge and that it was not known beforehand, and it must be such as reasonable diligence could not have secured at the former trial; it must be competent, material to the issue, and probably true, going to the merits and not merely cumulative or collateral nor merely to impeach a former witness; and it must appear that it is reasonably probable that it will change the result," citing numerous cases.

Again he says on the same page: "Applications for new trial

upon the ground that new testimony material to the defendant has been discovered since the trial will be scrutinized by the appellate court with much strictness. They are addressed much to the discretion of the trial court, and where the trial court has refused such an application the appellate court will not reverse unless it shall appear that the trial court has abused its discretion and that thereby injustice may have been done the defendant."

We think the trial court was correct in overruling the motion for a new trial.

We perceive no error shown herein, and the judgment is affirmed.