**Oscar C. O'BRIEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 34834.

Court of Criminal Appeals of Texas.

Jan. 30, 1963.

Rehearing Denied March 13, 1963.

J. B. Sallas, Crockett (on appeal only), for appellant.

Frank Briscoe, Dist. Atty., Lee P. Ward, Jr., and Walter A. Carr, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder, with the punishment assessed at death.

The deceased and his wife returned to their home about 10 P.M., September 4, 1961. Shortly after their return they retired for the night. The wife of the deceased testified that about 1 A.M. she was awakened by her husband's voice saying he thought he had been cut and asking her if she had seen anyone come into the room and hit him, and she replied in the negative. She saw some blood on his undershirt in the center of his chest area. Then the deceased was immediately taken to the hospital.

Audrey Pipkins, sister of the appellant, testified that about 1 A.M., September 5, the appellant came to a cafe where she was working, showed her a knife, and told her he had just cut James (deceased). While testifying she identified a knife that was exhibited to her as looking like the one the appellant showed her at the cafe.

Officer Walker, of the Homicide Division of the Houston Police Department, testified that several physicians were present when he first saw the deceased at the hospital. Later, when the deceased said he thought he was dying, he told Officer Walker that the appellant had stabbed him. Shortly thereafter the appellant was apprehended, and as a result of a conversation with him the appellant led the officers about ten miles to a place where he pointed out a knife in the grass which he said he used to stab the deceased. Officer Walker further testified that he saw the physicians remove a broken knife blade about an inch and a quarter long from the heart of the deceased; and that they delivered the blade to him which he exhibited at the trial and he also exhibited the knife appellant used to stab the deceased and when placed together they completed the blade.

The testimony of two physicians reveals that they performed an autopsy on the body of the deceased which disclosed a broken knife blade about one and one-half inches long in the heart of the deceased which caused his death.

In a signed written statement made to Officer Rogers by the appellant he admitted going into the bedroom where the deceased was sleeping, called to him, and as he raised up he cut him with his knife.

The appellant testifying in his own behalf stated that he had been living in the same house with the deceased and his family from January to September 4, when he and the deceased had an argument in the afternoon of September 4; that about 7 P.M., the deceased told him if he slept there that night he would kill him so the appellant left. He testified that he returned to the house about 1 A.M., and wanted to sleep but was afraid and decided he would talk with the deceased; that he called the deceased, who was in bed, and when he got up he began reaching for something under the pillow and being in fear of his life he stabbed the deceased with a knife and walked out; and that he knew that the deceased had a knife and a pistol.

The court charged the jury on the law applicable to murder with and without malice, and self defense against real and apparent danger.

■ It is contended that this conviction cannot stand on the ground that the statements of the appellant introduced by the state that he had "just cut a boy" and "I just got the urge to cut James (deceased) up a little" were exculpatory and absolved him of malice, which statements the state failed to disprove.

A similar contention was considered in Tyson v. State, 142 Tex.Cr.R. 152, 151 S.W. 2d 841, where the state offered the res gestae statement of the appellant that "I only shot him in the leg"; the accused was assessed thirty years for murder with malice. There it was held that such statement did not exculpate the appellant from guilt and was not exculpatory. This holding is here applicable and controlling. However, in the instant case no complaint was made of the failure of the court to charge on exculpatory statements. The appellant testified in the case and admitted stabbing the deceased but claimed that he did so in self-defense.

■ The appellant strenuously insists that the knife not being a deadly weapon per se or used in a deadly manner and con-

sidering the facts and circumstances surrounding the killing, the evidence is insufficient to support a conviction for murder with malice.

Upon a careful and thorough consideration of the evidence it is concluded that it is sufficient to warrant the jury's finding that the appellant was guilty of murder with malice as charged.

The judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

Appellant contends that the trial court fell into error in failing to charge the jury on the effect of his statements introduced by the state that he had "just cut a boy" and that he "just got the urge to cut James [the deceased] up a little", it being appellant's position that those statements were exculpatory and were relied upon by the state and that they were not disproved.

We do not think the statements were exculpatory. They did not exculpate appellant from guilt. Moreover, appellant testified in the case, and the state did not rely upon the statements to show his guilt. Had appellant's counsel timely requested a special charge or had he taken objection to the action of the court in failing to charge on the effect of the statements—which he did not do—we express the opinion that the court would not have erred in refusing the request or in failing to charge on the effect of the statements, in view of the record before us.

■ Appellant also contends that the weapon used was not a deadly weapon, per se, and was not used in a deadly manner.

It is our view that it may be presumed that death was designed, from the manner of the use of the knife, and that such intention clearly appeared. Appellant made

**800**

no request of the court for a charge on the knife not being a deadly weapon, nor did he except or object to the failure of the court to give such charge. We find no merit in appellant's contentions. They are overruled.

Remaining convinced that we correctly disposed of this case in our original opinion, appellant's motion for rehearing is overruled.