**Paul W. LOUDEN, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45630.

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 21, 1973.

Collins, Langford & Pine by William C. Pine and Odell S. Holmes, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Harry T. Petersen, Asst. Dist. Atty., El Paso, and

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

Appellant and Paul W. Louden, Jr., were jointly charged by indictment for the offense of murder. Upon the granting of a severance appellant was separately tried and convicted of the offense of murder without malice. Punishment was assessed by the jury at four (4) years.

Three grounds of error are urged by the appellant on appeal.

In his first ground of error appellant insists that "the trial court erred in allowing the State to introduce evidence of a prior conviction at the penalty stage of the trial, such prior conviction not constituting an offense known to the law of this State."

At the hearing on punishment, the State offered proof that on January 16, 1962, the appellant was convicted in County Court at Law Number One of El Paso County of the misdemeanor offense of "indecent exposure" and assessed punishment at a fine of $75.00.

■ Appellant insists that the judgment introduced in evidence finding him guilty of "indecent exposure" referred to an offense which is not known in this State but is only a part of the statute set out in Art. 474 of the Penal Code, Vernon's Ann., as it existed in 1962, designated as "Disturbing the Peace."

Appellant apparently overlooks, as pointed out by the State, Article 526 of the Penal Code which prior to its repeal in 1969 made it a misdemeanor offense for any person to "designedly make any obscene and indecent exhibition of his own or the person of another in public." Further, as pointed out by the State in its brief, it is not necessary that misdemeanor judgments specify the offense. Johnson v. State, 163 Tex.Cr.R. 185, 289 S.W.2d 593, and Richardson v. State, 171 Tex.Cr.R. 163, 346 S.W.2d 119. The ground of error is overruled.

In his second and third grounds of error appellant first complains of the court charging the jury on the law of principals, and second because the charge given failed to apply the law to the facts.

■ No written objections to the court's charge, as required by Article 36.14, Vernon's Ann.C.C.P., appear in the record. Certain oral objections dictated to the court reporter appear in the transcription of the court reporter's notes. Under the decisions of this Court an oral objection to the court's charge which is only dictated to the court reporter presents nothing for review. See Morales v. State, Tex.Cr.App., 466 S.W.2d 293, and cases therein cited.

■■ We observe that under the facts a charge on principals was authorized as the evidence raised the participation of both the appellant and his son in the shooting of the deceased. Odell v. State, 95 Tex.Cr.R. 360, 254 S.W. 977. Further, no objection was made to the charge given by the court on principals on the ground that it failed to apply the law to the facts. In the absence of a request or exception, the failure to charge is not reviewable. Kemp v. State, 96 Tex.Cr.R. 152, 256 S.W. 264. Had an objection been made, such failure would not call for a reversal of the conviction as it would not be calculated to injure the rights of the appellant. Art. 36.19, V.A.C.C.P.; Lowe v. State, Tex.Cr.App., 377 S.W.2d 193.

The grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.