Ronald Edward **MOTT**, Appellant,

v.

The **STATE** of Texas, Appellee.

Ezell Thomas **ROADY**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. **51915, 51916.**

Court of Criminal Appeals of Texas.

Nov. 17, 1976.

Rehearings Denied Dec. 15, 1976.

James A. Mattox and Vincent W. Perini, Dallas, for Mott.

Charles·W. Tessmer and Ronald L. Goranson, Dallas, for Roady.

Henry Wade, Dist. Atty., Steve Wilensky, Jon Sparling, John Wm. Booth, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from convictions for aggravated assault. Appellants were tried jointly. The jury assessed each appellant's punishment at seven years and one day confinement in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. Briefly, the State's evidence shows that the complaining witness, Terry Snider, had words with the appellants in a nightclub in Dallas. As the result of mutual verbal provocation, appellant Mott struck Snider on the head with a beer mug or pitcher. Falling from the blow by appellant Mott, Snider was then struck on the face with a glass by appellant Roady. As a result of the latter blow, Snider's nose, face and throat were cut. In being treated for his injuries, Snider received approximately 40 stitches to his face. He sustained permanent disfigurement to an eyelid and damage to his voice box.

Although different witnesses, both State's and defense, gave different versions of the assault, the only point of disagreement concerned who struck the first blow, Mott or Roady.

Appellants initially contend that the trial court erred in denying them the right to examine the grand jury testimony of Snider. Specifically, appellants contend that there was some variation from the testimony Snider gave to the grand jury and the testimony he gave at the examining trial and upon direct examination at the trial on the merits. The grand jury testimony was sealed and brought forward in the record to this Court. We have examined such testimony. We cannot agree that the inconsistencies, if any, were such as to reflect error in the trial court's action in refusing to make the grand jury testimony available for cross-examination. We fail to see how appellant was harmed. *Brown v. State,* 475 S.W.2d 938, 948 (Tex.Cr.App. 1971). ·Furthermore,

"The production of the grand jury testimony, of course, lies within the sound discretion of the trial court and the accused may be permitted to inspect such testimony where 'some special reason' exists or where a 'particularized need' is

shown so as to outweigh the traditional policy of grand jury secrecy." (Citations). *Id.*

As in *Brown,* we cannot conclude that the appellant has shown a "particularized need" for the grand jury testimony so as to reflect that the trial court abused its discretion in refusing to order its production.

Appellants' ground of error number one is overruled.

Appellant Mott contends that he was denied effective assistance of counsel as a result of the trial court's refusal to allow him to inspect the grand jury testimony of Snider. Since we hold the trial court did not err in such refusal, it necessarily follows that this ground of error must also be overruled.

Both appellants contend that the trial court's charge was fundamentally defective because it allowed a conviction for an offense different than the one charged in the indictment. The indictment, omitting the formal parts, alleges that each appellant " . . . did . . . then and there knowingly *and* intentionally cause serious bodily injury to another, namely; Terry L. Snider, by hitting him with a glass . . . ." (Emphasis added) The complained of portion of the court's charge permitted the jury to find each appellant guilty if they found that they acted " . . . intentionally *or* knowingly . . . .". (Emphasis added).

■ We have held that such a charge is not fundamentally erroneous. Neither appellant objected to the court's charge. Nothing is presented for review. *Moreno v. State,* 541 S.W.2d 170, 173 (Tex.Cr.App. 1976).

■ Next, the appellants contend that the court's charge was fundamentally erroneous because it contained an abstract instruction on the law of parties without applying the law to the facts. Neither appellant objected to the court's charge in the manner provided for by Art. 36.14, V.A.C. C.P. Nothing is presented for review. *Louden v. State,* 491 S.W.2d 168, 169 (Tex. Cr.App.1973).

■ Both appellants contend that there is a fatal variance between the allegations in the indictment and the proof. The indictment alleges that each appellant caused bodily injury to Snider by "hitting" him with a glass. The proof shows Snider's injuries occurred as a result of "cutting" with a glass. Since the proof does show that Snider was hit by each of the appellants and received cuts as a result thereof, these contentions are without merit and overruled.

Appellant Mott contends that the trial court erred in failing to grant him a new trial when a State's witness recanted a material part of her testimony. Appellant argues this was favorable to him and the prosecution did not inform him of such fact.

■ The record reflects that Debbie Jackson testified that she was with the appellants on the occasion in question and that she did not see defense witness John Butler at that time. Butler testified that he had spoken to Jackson that evening. At the hearing on the motion for new trial, Jackson testified she remembered she had seen Butler and told one of the prosecutors about this. While the prosecutor should have informed appellants' attorney about this, we do not feel that reversible error is present. Newly discovered testimony in the nature of impeachment will not, ordinarily, require a new trial. *Tyson v. State,* 142 Tex.Cr.R. 152, 151 S.W.2d 841, 842 (1941). No abuse of discretion has been shown. *Williams v. State,* 504 S.W.2d 477, 482 (Tex.Cr.App.1974).

Appellant Mott next contends that the trial court was in error when it refused to grant his motion for new trial on the grounds that the prosecution used improper tactics on a defense witness at the motion for new trial hearing. Mott contends such error amounted to a denial of due process.

Eight days prior to the scheduled hearing, the defense subpoenaed Debbie Jackson. Such subpoena called for her attendance at 2 p. m. on the day of the hearing. The prosecution, nevertheless, subpoenaed Debbie Jackson to appear at 9 a. m. that day.

The State's subpoena application shows it was filed subsequent to the defense application. The record reflects that an investigator for the prosecutor, not an attorney, made the application for the subpoena.

One of the prosecuting attorneys testified at the motion for new trial that he had instructed the investigator to "get them (defense witnesses) to the courthouse" so he could talk with them. He denied personal knowledge of the subpoenas but acknowledged he "may have" authorized the investigator to issue the subpoenas and that he "acquiesced in it." He testified that he did interview Debbie Jackson before noon on the day of the hearing.

Debbie Jackson testified she came to the courthouse and interviewed with the prosecutor in the district attorney's office at 9:30 that morning because "I had a subpoena to be in his office." She further testified she was very upset at having been brought to the courthouse that morning and she admitting crying in the hallway prior to her testimony. She said that the investigator had told her over the telephone that she was to come in for the interview with the prosecutor, and that if she didn't she would be subpoenaed.

Article 24.03, V.A.C.C.P., provides, inter alia:

"   .   .   .   the defendant or his attorney or the State's attorney shall make written, sworn application to such clerk for each witness desired.   .   .   .   when a witness has once been served a subpoena, no further subpoena shall be issued for said witness."

From the quoted portions of the above statute, it can be seen that the subpoena should not have been issued upon the application of one who is not either the defendant, his attorney, or the State's attorney. Furthermore, it should not have been issued because the witness Jackson had already been served with a subpoena. However, reversible error is not present. On cross-examination at the motion for new trial, the following exchange took place between the prosecutor and the witness Jackson:

"Q   Okay, did the subpoena that you got coerce your testimony any way?

"A   No."

Appellants' ground of error is overruled.

Appellant Mott also contends that the prosecution intimidated defense witness Butler. Butler testified at the motion for new trial that prosecuting attorneys had passed him in the hall during a recess during the trial and one said, "Get that smile off your face, you son of a bitch," and another said, "I think we ought to put him in jail." However, one of the prosecuting attorneys took the stand at the motion for new trial and specifically denied both of the statements. No other testimony of the occurrence was presented. The trial judge did not abuse his discretion in failing to grant a new trial upon this contention.

Finally, appellant Mott contends that the trial court erroneously refused him permission to inspect the prosecution files for exculpatory or mitigating evidence. Article 39.14, V.A.C.C.P., does not allow broad exploration of prosecution files where there is no showing that the matters sought to be discovered are material or that items sought are in possession of the prosecution and are being withheld. Smith v. State, 468 S.W.2d 828, 830 (Tex.Cr.App.1971). Furthermore, the trial court permitted the files to be sealed and made a part of the record. See, Hoffman v. State, 514 S.W.2d 248, 253 (Tex.Cr.App.1974). We have examined such files and find nothing therein beneficial to appellant Mott's defense.

Appellant Roady, by supplemental brief, complains of ineffective assistance of counsel. Such counsel was retained. While it appears that Mott's counsel did most of the questioning, we find sufficient participation "by the totality of the representation" to make a finding of ineffective assistance by Roady's counsel unwarranted. Satillan v. State, 470 S.W.2d 677, 679 (Tex. Cr.App.1971).

The judgments of the trial court are affirmed.

**628**

DOUGLAS, Judge (concurring).

One of the main contentions of Roady is that he had inadequate representation of counsel. To further show that there was no inadequate representation, some of the contentions will be discussed more fully.

Appellants argue that the charge as submitted to the jury allowed him to be convicted on the basis of a lesser culpable mental state than charged in the indictment and presents a lengthy dissertation on the definitions of culpable mental states as set out in V.T.C.A. Penal Code Section 6.03. They assert that " . . . since the grand jury alleged both, the highest culpable mental state (intentional) must be proved by the state."

In effect they argue that it is fundamental error to plead conjunctively and charge in the disjunctive. They recognize that under Articles 1183 and 1389, V.A.P.C., the rape and burglary statutes respectively under the former code, the indictment could allege the commission of the offense by force, threats and fraud, and proof of any would be sufficient and in so doing the State would not have to elect. Their attempt to distinguish those cases from the present case is novel. They contend that cases under those statutes dealt with the mode of commission of the offense, and in the case at bar it is culpable mental state which is in issue.

The convictions were under the provisions of V.T.C.A. Penal Code Section 22.01, which provides:

"A person commits an offense if he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or . . . "

V.T.C.A. Penal Code Section 22.02 provides:

"A person commits an offense if he commits assault as defined in Section 22.-01 of this code and he:

"(1) causes serious bodily injury to another; . . . "

V.T.C.A. Penal Code Section 6.02 provides in part as follows:

" . . .

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

(1) intentional;

(2) knowing;

(3) reckless;

(4) criminal negligence.

"(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."

The proof that appellants knowingly did the act or acts is sufficient. If the indictment had alleged the culpable mental state of knowingly only then under Sec. 6.02(e), supra, proof that they acted intentionally would be sufficient. If the indictment had alleged intentionally only then the proof of knowingly would have been sufficient under Sec. 22.01. In other words, when the highest culpable mental state of intentionally is alleged, it includes knowingly, a lesser culpable mental state.

Under Article 1256, former penal code, an indictment for murder could allege different means of killing in the same count and the State was not required to elect on which means the alleged conviction would be sought and proof that death was caused by any or all of the means alleged was sufficient. 4 Branch's P.C.2d, Section 2185, page 530. There is no logical difference between this and alleging and proving culpable mental states to the charge. No error would be shown even if there had been an objection.

Both contend that the trial court committed fundamental error in giving an abstract charge on the law of the parties without applying the law to the facts. No objections to the court's charge, as required by Article 36.14, V.A.C.C.P., appear in the record. The same contention was raised and answered adversely to appellants in *Louden v. State*, 491 S.W.2d 168 (Tex.Cr. App.1973), where this Court wrote:

"We observe that under the facts a charge on principals was authorized as the evidence raised the participation of both the appellant and his son in the shooting of the deceased. *Odell v. State*, 95 Tex.Cr.R. 360, 254 S.W. 977. Further,

no objection was made to the charge given by the court on principals on the ground that it failed to apply the law to the facts. In the absence of a request or exception, the failure to charge is not reviewable. *Kemp v. State,* 96 Tex.Cr.R. 152, 256 S.W. 264. Had an objection been made, such failure would not call for a reversal of the conviction as it would not be calculated to injure the rights of the appellant. Art. 36.19, V.A.C.C.P.; *Lowe v. State,* Tex.Cr.App., 377 S.W.2d 193."

Another situation where an indictment alleged in the conjunctive and the charge could be submitted in the disjunctive was in a receiving or concealing stolen property case under the former code. An indictment that alleged receiving *and* concealing stolen property would warrant a conviction for either receiving *or* concealing. *Cuilla v. State,* 80 Tex.Cr.R. 41, 187 S.W. 210.

In *Meek v. State,* 71 Tex.Cr.R. 433, 160 S.W. 698, the court instructed the jury that it must find that Meek received *and* concealed stolen property. This Court held that requiring a finding of both receiving and concealing was error in favor of the defendant.