96264crk.wrv.wpd
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-264-CR

     MARCUS DESHAWN RICHARDSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 40th District Court
Ellis County, Texas
Trial Court # 22113-CR
                                                                                                                 

O P I N I O N
                                                                                                                 

      A jury convicted Markus DeShawn Richardson of burglary. Tex. Penal Code Ann. § 30.02
(Vernon 1994). It found two enhancement paragraphs “true,” and sentenced him to fifty years in
prison. Among his four points on appeal, Richardson asserts that the evidence is legally and
factually insufficient to sustain his conviction. He also asserts that the court erred in denying his
motion to compel and in disallowing the testimony of one of his witnesses. We will affirm the
judgment.
      The alleged burglary occurred on November 29, 1995, at a mobile home owned by Asad
Almaani and his wife, Wafa Naser Almaani (“Naser”). Nick Hamm, a postman, testified that he
saw two African-American men at the mobile home. He saw one of the men with a television set,
attempting to place it in the trunk of a late-model Pontiac Grand Am. The television would not fit
in the trunk. The man set the television down behind the car and got into the passenger side of the
car. The other man was carrying a VCR, which he put into the back seat of the car. The second
man got into the driver’s side. Hamm testified that the car backed over the television as it left. 
Hamm called 9-1-1 from next door. When he went to the mobile home, he saw a microwave and
gun stacked by the door.
      Three Ellis County Sheriff’s Department investigators were together when they received a
radio report of a suspected burglary. Within minutes, the officers saw a Grand Am fitting the
description and gave chase. Investigator Tommy Parks testified that he saw a VCR or small
television set being thrown out of the passenger side window. The officers pursued the car until
it left the roadway, blew out a tire, and hit a guardrail. Parks apprehended the driver, Gary Delon
Parson, who had certain “burglar’s tools” on his person. Parks identified Richardson as the
passenger.
      Edward Santos, another sheriff's investigator, testified that he was driving the vehicle pursuing
Parson and Richardson. Santos saw a VCR being thrown out of the passenger side of the Grand
Am. Santos also identified Richardson as the passenger. Johnny Cruz, the third investigator, also
testified about the chase and arrest. He “patted down” Richardson, finding a VCR remote control
in his front pocket. 
      Ellis County Deputy Sheriff Milton Gilreath investigated the burglary. He testified that the
door of the mobile home had been opened by a kick or other forced method. He stated that the
door jam was “busted” and the door was bowed. Gilreath found a microwave on the floor near the
door. The bedroom appeared to be in disarray as if someone had gone through the drawers. 
      Asad Almaani , the owner of the mobile home, testified that when he and Naser left the home
that morning, the door had been closed and locked. When he returned, he noticed that the door
was bent and hard to shut. The VCR and its remote control were missing. He identified what
appeared to be the remains of his VCR. He also identified State’s Exhibit 16—the VCR remote
control found on Richardson—as his remote control.
SUFFICIENCY OF THE EVIDENCE
      In points one and two, Richardson complains that the evidence is legally and factually
insufficient to support the conviction as charged. The indictment alleged that Richardson “did then
and there intentionally and knowingly enter a habitation, without the effective consent of Asad
Almaani, the owner thereof, and therein attempted to commit and committed theft of property, to-wit: one video cassette recorder, owned by Asad Almaani.” The court’s charge tracked the
language of the indictment.
      Richardson argues that the evidence is insufficient to show that he attempted to commit or
committed theft of a VCR. Rather, he says the evidence only shows that he was in possession of
the television set.


 He argues that the State elevated its burden of proof by specifically alleging
theft of a VCR. Fee v. State, 841 S.W.2d 392, 396 (Tex. Crim. App. 1992); Benson v. State, 661
S.W.2d 708 (Tex. Crim. App. 1982). The State argues that it has not elevated its burden and that
the evidence is sufficient to show that Richardson attempted to commit or did commit theft of the
VCR.
legal sufficiency
      In reviewing a claim of legally-insufficient evidence, the reviewing court must determine
whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Lane v. State,
933 S.W.2d 504, 507 (Tex. Crim. App. 1996).
      Hamm saw Richardson and Parson loading the Grand Am with items from the house. 
Richardson was the passenger in the Grand Am. During the police chase, Inspector Santos saw the
VCR being thrown out the passenger-side window. When he was arrested, Richardson had a VCR
remote control in his front pocket. 
      The evidence shows that the owner had locked the door before he left the house. The door had
been forced open by a kick or other method, the door jam was “busted,” and the door was bowed. 
The VCR and its remote control were missing. Asad identified as his the VCR remote control that
had been found in Richardson’s pocket.
      We believe the evidence is legally sufficient for the jury to have found the essential elements
of the crime beyond a reasonable doubt. Id. We overrule point one.
factual sufficiency
      In reviewing a claim of factually-insufficient evidence, we consider all the evidence and set
aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed).
      Reviewing all of the evidence, we cannot say that the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id. We overrule point
two.
MOTION TO COMPEL DISCOVERY
      In his third point, Richardson argues that the court erred in denying his motion to compel
discovery concerning exculpatory evidence. Prior to trial, the court granted a standard pre-trial
motion ordering the State to produce “any and all evidence or information . . . which would
exculpate or tend to exculpate the Defendant.” 
      Within days of the burglary, Naser died as a result of two gunshot wounds to the chest. The
manner of death had not been determined at the time of trial.


 Richardson asserts that he had had
a relationship with Naser, justifying his presence in the home. 
      Prior to trial, Richardson filed a Motion to Compel, seeking “(1) any and all medical
information relating to Wafa S. Naser in the possession of the State of Texas (specifically but not
necessarily limited to the medical information already in the possession of Defendant received from
Parkland Hospital); (2) any and all investigative materials, documentation, files or any other
tangible things of any kind relating to the investigation of the death of Wafa S. Naser.” 
      At the hearing, Richardson testified that he had had a prior relationship with Naser. As proof
of the relationship, Richardson testified that he had gonorrhea, that he had numerous pagers, that
he could not remember the phone numbers of the pagers, that Naser had paged him on numerous
occasions, and that she had paged him the morning of the burglary. 
       The State argued that Naser’s autopsy mentioned the possibility of a sexually-transmitted
disease, but that it had already provided Richardson with a copy of the autopsy. The court ordered
the State to produce Naser’s November 29th phone records for an in camera inspection. The court
also ordered the State to turn over anything in its possession showing that Naser had a sexually-transmitted disease. Nothing was mentioned at the hearing about documents or information
concerning Naser’s death.
      A defendant does not have a general right to discovery of evidence in the State’s possession. 
May v. State, 738 S.W.2d 261, 274 (Tex. Crim. App. 1987). Article 39.14 provides for discovery
upon a motion showing good cause. Tex. Code Crim. Proc. Ann. art. 39.14 (Vernon 1979). 
This article does not allow broad exploration of prosecution files where there is no showing that
the matters sought to be discovered are material or that the items sought are in the State’s
possession and are being withheld. Mott v. State, 543 S.W.2d 623, 627 (Tex. Crim. App. 1976).
      The court ordered the State to “produce the medical records of Wafa Naser in its possession
which relate to the issue of any sexually transmitted diseases.” It further ordered that the State
produce for in camera inspection the outgoing telephone records for Naser’s home the day of the
burglary. Those telephone records are part of the appellate record and include calls for several
days before and after the burglary.
      We can find no showing that any other material matters or items were in the State’s possession
or were being withheld. Id. We overrule point three.
MOTION IN LIMINE
      In his final point, Richardson asserts that the court erred in granting the State’s second motion
in limine which prevented him from offering evidence on Naser’s “suspicious death.” 
      The State filed its second motion in limine on the day of trial. It sought to prevent Richardson
from alluding to Asad Almaani being a suspect in his wife’s death or to Naser’s having a sexually-transmitted disease. The motion also sought to prevent Richardson from eliciting testimony from
John Goss, an investigator with the Ellis County Sheriff’s Department. After hearing argument,
the court granted the State’s motion.
      During trial, Richardson called Goss to testify outside the jury’s presence. Goss testified that
Naser died shortly after the burglary from two gunshot wounds to the chest, that the manner of
death—homicide or suicide—had not been determined, and that Almaani had not been a suspect but
had been voluntarily “detained” for 24 hours. The court stated, “Sustain the objection or sustain
the motion in limine once again.”
      The determination of the admissibility of evidence is within the discretion of the court. Tex.
R. Crim. Evid. 104. We review the court’s decision to admit or exclude evidence under an abuse-
of-discretion standard. Cook v. State, 934 S.W.2d 92, 101 (Tex. Crim. App. 1996). A reviewing
court should not reverse a trial judge whose ruling was within the “zone of reasonable
disagreement.” Id. 
      The court twice heard argument on the relevancy of Goss’s testimony—before and during trial. 
The court had also heard Richardson’s theories of his prior relationship with Naser at a pre-trial
hearing. Questions of relevance should be left largely to the trial court, relying on its own
observations and experience. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). 
We do not believe the court abused its discretion in excluding Goss’s testimony. 
      We overrule point four and affirm the judgment.
 
                                                                   BILL VANCE
                                                                   Justice
 
Before Chief Justice Davis.
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed August 1, 1997
Do not publish